```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**FREDERICO HATCHER,**

      Plaintiff,

v.                                           Civil Action No. 2:17-cv-02054

**JIM RUBENSTEIN, Commissioner;
C.J. RIDER, Religious Services
Director; and DAVID BALLARD,
Warden, Mount Olive Correctional
Complex,**

      Defendants.


### MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion to dismiss filed on December 15, 2017.  In his complaint, the plaintiff, an inmate at the Mount Olive Correctional Complex, asserts that the actions of the defendants violated the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq. (ECF No. 2 at 17).

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendations

("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  On August 8, 2018, the magistrate judge entered his PF&R recommending that the motion to dismiss be granted and that this matter be dismissed from the docket of the court.  The plaintiff filed objections to the PF&R on September 6, 2018.  Defendants David Ballard, C.J. Rider and Jim Rubenstein filed a response to the plaintiff's objections on September 24, 2018.

Upon an objection, the court reviews a PF&R de novo.  Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'"  <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The plaintiff's first objection to the PF&R is that the magistrate judge improperly applied RLUIPA. ECF No. 41, at 3.  Specifically, the plaintiff contends that it was improper for the magistrate judge "to focus on what other Muslim's [sic] believe or what other courts have decided against other Muslims."  <u>Id.</u>  The plaintiff states that it is his "sincerely held religious belief that he eat meat other than pork as part of his regular diet."  <u>Id.</u> at 2.  While "[t]he protection of RLUIPA . . . is 'not limited to beliefs which are shared by all

2

of the members of a religious sect[,]'" Holt v. Hobbs, 135 S. Ct. 853, 862–63 (2015), a "prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation[.]" Id. at 862, citing Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751, 2774 n. 28 (2014). The magistrate judge adequately addressed this claim, providing several instances of caselaw in which a court found that the failure to provide Muslim inmates with a Halal non-pork meat diet does not impose a substantial burden on the exercise of religion. The plaintiff's mere conclusory statements regarding his faith fail to demonstrate that his case demands a different outcome than the litany of federal cases cited by the magistrate judge at pages nine to eleven of the PF&R.

The plaintiff's second objection is that the magistrate judge incorrectly interpreted the facts related to the Inmate Grievance Procedure when disposing of his Kufi claim. In this objection, the plaintiff does not present any new facts or arguments not considered by the magistrate judge. The magistrate judge, at pages fourteen to nineteen of the PF&R, evaluated in-depth whether the actions taken by the plaintiff constituted a proper exhaustion of his available administrative remedies, as required under both the federal and the West Virginia Prison Litigation Reform Acts, 42 U.S.C. § 1997e(a) and

W.Va. Code § 25-1A-2a(i)).  The court agrees with the magistrate judge's analysis in finding that the plaintiff failed to properly exhaust his administrative remedies for his Kufi claim insofar as his grievances did not go through every step of the grievance process.

The plaintiff's third objection appears to be general disagreement with the magistrate judge's decision regarding the claims under the establishment and equal protection clauses. The court finds that the magistrate judge correctly decided these issues.  Specifically, the court agrees with the notion that since the Religious Special Diet does not "promot[e] the strict dietary requirements of the Hare Krishna[,]" as argued by the plaintiff (ECF # 41 at 8), but merely adopts the Brahman diet by its nature of being the most restrictive religious diet, there is no Establishment Clause issue.  Insofar as the Equal Protection Clause claims are concerned, the plaintiff now attempts to introduce new facts, of which he faults the defendants for "not inform[ing] the court[.]" Id. at 9.  These facts were not introduced in the complaint and therefore do not affect the defendants' motion to dismiss pursuant to rule 12(b)(6).  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'"). The plaintiff's final objection is therefore without merit.

Accordingly, the court finds that the magistrate judge's PF&R adequately addressed and correctly resolved all issues presented in the defendants' motion to dismiss.

Therefore, it is ORDERED as follows:

1. That the plaintiff's objections to the PF&R be, and hereby are, overruled.

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full.

3. That the pending motion to dismiss be, and it hereby is, granted.

4. That this civil action be dismissed and stricken from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

Enter: September 27, 2018

John T. Copenhaver, Jr.
United States District Judge